<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CANAL INSURANCE COMPANY,<br><br>     *Plaintiff*,<br><br>    v.<br><br>FEMA TRUCKING, LLC, and interested parties, RICHARD AGUIRRE, RON ROE III-XXX, JOHN DOE 1-XXX, and YYZ CORPORATION III-XXX (Fictitious names),<br><br>     *Defendants.* | Civil No.: 20-cv-17953 (KSH) (CLW)<br><br><br><br>**<u>OPINION</u>** |

**<u>Katharine S. Hayden, U.S.D.J.</u>**

  **I.  Introduction**

  In this insurance coverage declaratory judgment action, plaintiff Canal Insurance Company ("Canal") has moved for default judgment against defendant Fema Trucking, LLC ("Fema"). Canal seeks a declaration that it has no duty to defend or indemnify Fema for claims asserted in a separate personal injury action pending in this Court, *Aguirre v. Cosentino*, Civ. Action No. 20-7476 (the "Underlying Action"). For the reasons set forth below, Canal's motion for default judgment will be granted.

  **II.  Background**

  The complaint alleges as follows. Canal is a South Carolina corporation with a corporate address in Greenville, South Carolina. (D.E. 1, Compl. at 1 ¶ 1.)[1] Fema is a Virginia corporation with its principal place of business in Stafford, Virginia. (*Id.* at 2 ¶ 2.) Richard

---

[1] Canal's complaint restarts its paragraph numbering anew with each section. As such, citations to the complaint refer to the page number first, then the relevant paragraph on that page.

1

Aguirre, the plaintiff in the Underlying Action and named as an interested party here, is a Pennsylvania resident.  (*Id.* at 2 ¶ 3.)

The Underlying Action, and by extension, this action, arose from an incident on or about October 21, 2019, in which, according to the complaint in the Underlying Action, Aguirre was transporting a load of marble for Fema to Bergen Marble & Granite in Ridgefield, New Jersey. (*Id.* at 3 ¶ 2.)  The load fell from the truck and struck him, injuring his legs.  (*Id.*)  Aguirre filed the Underlying Action on May 5, 2020, in the Eastern District of Pennsylvania, asserting negligence claims against Bergen Marble, Cosentino,[2] and Fema.  (Civ. Action No. 20-7476, D.E. 1.)  That action was transferred to this Court on June 17, 2020, and remains pending.  (*Id.*, D.E. 14.)

The present action concerns whether Canal has an obligation to defend or indemnify Fema for the claims in the Underlying Action pursuant to an insurance policy it issued to Fema. Specifically, Canal issued policy number I-526630001-3 to Fema, effective April 12, 2019 to April 12, 2020.  (Compl. at 3-4 ¶ 1.)  In disclaiming coverage, Canal cites two exclusions in the policy.  First, it cites language in the policy's Business Auto Coverage Form, CA 00 01 10 13, which states in pertinent part as follows:

> **Section II – Covered Autos Liability Coverage**
>
>    . . . .
>
>    **B.   Exclusions**
>
>    **This insurance does not apply to any of the following:**
>    . . . .

---

[2] Cosentino is alleged to be the source of the material Aguirre picked up.  (Civ. Action No. 20-7476, D.E. 1 ¶ 7.)  A docketed stipulation between the parties corrects this entity's name to "C & C North America, Inc. d/b/a Cosentino North America."  (*Id.*, D.E. 6.)

    **4.[3]    Employee Indemnification and Employer's Liability**

    **"Bodily injury" to:**

    **a. An "employee" of the "insured" arising out of and in the course of:**

    **(1) Employment by the "insured"; or**

    **(2) Performing the duties related to the conduct of the "insured's" business; or**

    **b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.**

**This exclusion applies:**

    **(1) Whether the "insured" may be liable as an employer or in any other capacity; and**

    **(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.**

**But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to worker's compensation benefits or to liability assumed by the insured under an "insured contract". For the purposes of the Coverage Form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.**

(Compl. at 4-5 ¶ 2; D.E. 16-2, Ex. C, Part I, Ins. Policy at 62-63.)[4] An endorsement to the policy, which Canal's complaint and motion for default judgment fail to cite, changes this language slightly:

    **E. Paragraph B. Exclusions of Section II – Covered Autos Liability Coverage is amended as follows:**

    **1. Paragraph B.4. Employee Indemnification and Employer's Liability Exclusion is replaced by the following:**

---

[3] In the complaint, this subsection is erroneously labeled "3." In the policy itself, it is the fourth subsection.

[4] References to page numbers in the insurance policy are to the CM/ECF system-assigned page numbers.

> "Bodily injury" to:
>
> a. An "employee" of the "insured" arising out of and in the course of employment by the "insured"; or
>
> b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.
>
> This exclusion applies:
>
> (1) Whether the "insured" may be liable as an employer or in any other capacity; and
>
> (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> But this exclusion does not apply to "bodily injury" to "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract."

(D.E. 16-2, Ex. C, Part I, Ins. Policy at 73.)  Canal also cites the following endorsement, which is definitional:

> **Amendatory Endorsement – Definitions:**
>
> This endorsement modifies insurance provided under the following:
> BUSINESS AUTO COVERAGE FORM
>
> The definition of "employee" in section V – DEFINITIONS is replaced by the following:
>
> a. "Employee" means:
>
> Any individual who in the course of his or her employment or contractual duties on behalf of any insured directly affects commercial motor vehicle safety.  Such term includes but is not limited to a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle[)]. . . . "Employee" includes both "leased workers" and "temporary workers."

(Compl. at 5 ¶ 2; D.E. 16-3, Ex. C, Part II, Ins. Policy at 34.)  Finally, Canal cites the policy's

4

Commercial General Liability Coverage Form, CG 00 01 04 13,[5] which states:

> **SECTION I – COVERAGES**
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> . . . .
>
> **2.    Exclusions**
>
> **This insurance does not apply to:**
>
> **. . . .**
>
> **g. Aircraft, Auto or Watercraft**
>
> **"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any . . . "auto" . . . owned or operated by or rented or loaned to any insured.  Use includes operation and "loading or unloading."**
>
> **This exclusion applies even if the claims against any insured alleged negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any . . . "auto" . . . that is owned or operated by or rented or loaned to any insured.**

(*Id.* at 5 ¶ 3; D.E. 16-2, Ex. C, Part I, Ins. Policy at 26.)

Relying on these exclusions, Canal filed its declaratory judgment complaint on December 3, 2020.  (D.E. 1.)  The summons and complaint were personally served upon Fema's managing agent on December 9, 2020.  (D.E. 5.)  Fema did not respond to the complaint, and on March 9, 2021, Canal filed a request for entry of default.  (D.E. 7.)  Default was entered the next day.  (D.E. 8.)  On May 11, 2021, Canal filed its first motion for default judgment.  (D.E. 9.)  The Court denied the first motion without prejudice because Canal did not sufficiently plead personal jurisdiction against the defendants and failed to show proof of service against Aguirre.  (D.E.

---

[5] The complaint refers to this form as "CA" rather than "CG," but this appears to be a typographical error as the excerpted language appears in CG 00 01 04 13.

11.)  Canal filed its second motion for default judgment on December 30, 2021 (D.E. 16), and properly served Aguirre on January 31, 2022 (D.E. 17).

### III. Legal Standard

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant that fails to file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (Kugler, J.). Although cases are to be decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion." *Id.* In ruling on the motion, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Id.* at 535-36 (citations omitted).

In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must make findings as to "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (Ackerman, J.) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendant was properly served. *Days Inn Worldwide, Inc. v. Pearsall Hotels, LLC*, 2021 WL 4891925, at *3 (D.N.J. Oct. 20, 2021) (Vazquez, J.).

IV.     Analysis

    a.  Threshold Requirements

The Court is satisfied that the threshold requirements for entry of default judgment against Fema are satisfied.[6]

    i.  **Subject Matter and Personal Jurisdiction**

First, the Court has subject matter jurisdiction over this action on the basis of diversity. District courts have diversity jurisdiction over civil actions where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). It is well established that "[a] natural person is deemed to be a citizen of the state where he is domiciled[,] . . . [a] corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business[,] . . . [and] the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419-20 (3d Cir. 2010).

Here, Canal alleges in the complaint that it is a South Carolina corporation with a corporate address in that state, which is sufficient to establish its citizenship in South Carolina. (Compl. at 1 ¶ 1.) As for the citizenship of Aguirre and Fema, at the direction of the Court (*see* D.E. 11) Canal has supplemented its jurisdictional allegations with documents extraneous to the pleadings. Specifically, it has filed a Westlaw Peoplemap Background Search (D.E. 16-8) which indicates that Aguirre: (i) has lived predominantly in Philadelphia from 2009 through the present and currently resides there; (ii) has a Pennsylvania bank account; and (iii) has a Pennsylvania-

---

[6] Although Canal has not moved for entry of default judgment against Aguirre, it has named Aguirre as an interested party and presumably expects him to be bound by any judgment in this action. Accordingly, for completeness, the Court will analyze the preliminary requirements as to both Fema and Aguirre.

issued driver's license. These facts are sufficient to establish Aguirre's domicile, and therefore his citizenship, in Pennsylvania. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) (domicile requires physical presence in state and intent to remain). As to Fema, Canal has provided the Court with various documents—including its commercial truck insurance application (D.E. 16-6 at Ex. J), its articles of organization as filed with the Virginia State Corporate Commission (*id.* at Ex. K), and a Westlaw Peoplemap Background Search (D.E. 16-7)—demonstrating that Fema is a limited liability company comprised of a single Virginian member, which is sufficient to establish its citizenship in Virginia. Accordingly, there is complete diversity of citizenship, and the amount in controversy exceeds $75,000 because Aguirre has demanded a $150,000 judgment against Fema in the Underlying Action. (*See generally* Civ. Action No. 20-7476, D.E. 1.)

The Court is also satisfied that it has personal jurisdiction over Aguirre and Fema. Personal jurisdiction may be established based on either general or specific jurisdiction but, because general jurisdiction over a limited liability company only tends to exist in its state of citizenship, *see Tri-Union Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp*, 2021 WL 1541054, at *3 (D.N.J. Apr. 20, 2021) (Vazquez, J.), the Court will focus on specific jurisdiction. Specific jurisdiction permits the exercise of personal jurisdiction over a non-resident defendant only if the plaintiff's claims "arise out of or relate to" the defendant's forum contacts. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). When analyzing specific jurisdiction, the Court must conduct a three-part inquiry: "[f]irst, the defendant must have 'purposefully directed . . . activities' at the forum," or purposely availed itself of "the privilege of conducting activities within the forum"; second, "the litigation must 'arise out of or relate to' at least one of those

8

activities"; and "third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise 'comport[s] with "fair play and substantial justice."'" *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal citations omitted).

Here, Canal has provided the Court with a copy of Fema's commercial truck insurance application (D.E. 16-6 at Ex. J) which demonstrates that Fema (and, by extension, its contractors like Aguirre) regularly conduct trucking operations in New Jersey and, thus, purposefully direct their activities at the forum. Additionally, both the Underlying Action and this action arose directly out of the forum, as Aguirre was injured in New Jersey while performing his contractual duties for Fema. Finally, the exercise of jurisdiction comports with fair play and substantial justice, as neither Fema nor Aguirre can be said to be burdened by litigation in the forum. To the contrary, the Underlying Action is currently pending in this Court, and there is no indication that litigating elsewhere would effectuate a more efficient resolution of this controversy.

        **ii.**     **Service of Process**

Turning next to the threshold service requirement, the Court is satisfied that both Aguirre and Fema were properly served with process. Service on Aguirre is governed by Fed. R. Civ. P. 4(e), which provides that service on an individual may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In turn, Pennsylvania's Rules of Civil Procedure allow for service "by any form of mail requiring a receipt signed by the defendant or his authorized agent," and provide that service is complete upon delivery. *See* Pa. R. Civ. P. 403. Here, Aguirre was served at his current address in Philadelphia, Pennsylvania by certified mail, return receipt requested, and Canal filed a signed

9

certified mail return receipt on the docket. (*See* D.E. 17). Accordingly, service was proper under Fed. R. Civ. P. 4(e)(1) and Pa. R. Civ. P. 403.

Service on Fema is governed by Fed. R. Civ. P. 4(h), which provides for service on a limited liability company "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Here, the Court is satisfied from the affidavit of service on the docket (*see* D.E. 5) that Fema was properly served via personal service on its managing agent in Stafford, Virginia.

### b. Legitimate Cause of Action

Having determined that the threshold requirements for entry of default judgment are satisfied, the Court turns to the legitimacy of Canal's claim for declaratory judgment. Under 28 U.S.C. § 2201(a), the Court may, in its discretion, declare the rights of the parties in the event of an actual controversy between them. *See Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 139 (3d Cir. 2014) (district courts have "unique and substantial discretion" to determine whether to enter declaratory judgment). Here, that controversy is embodied in the Underlying Action. According to the complaint in the Underlying Action, Fema contracted Aguirre to transport a load of marble, and he suffered an injury to his legs when the load fell from the truck and struck him. (*See* Civ. Action No. 20-7476, D.E. 1 at ¶¶ 6-10.) The issue in the present action is whether Canal has an obligation to defend or indemnify Fema for the claims in the Underlying Action pursuant to an insurance policy it issued to Fema. Under New Jersey law,[7] a court interpreting

---

[7] Canal applies New Jersey law but its papers indicate that the insurance policy "is a Virginia policy issued to a Virginia-based company." (D.E. 16 at 25.) Regardless of whether the Court applies New Jersey or Virginia law, the outcome is the same because, as explained *infra*, the policy exclusions are unambiguous. *See Erie Ins. Exch. v. EPC MD 15, LLC*, 297 Va. 21, 27-28 (2019) ("Virginia courts 'interpret insurance policies, like other contracts, in accordance with the

an insurance policy must "giv[e] effect to all of its parts so as to accord a reasonable meaning to its terms." *Assurance Co. of Am. v. Jay-Mar, Inc.*, 38 F. Supp. 2d 349, 352 (D.N.J. 1999) (Brotman, J.) (quoting *Stone v. Royal Ins. Co.*, 211 N.J. Super. 246, 489-49 (App. Div. 1986)). Where, as here, the insurance policy contains exclusions to coverage, those exclusions are considered "presumptively valid and will be given effect if specific, plain, clear, prominent, and not contrary to public policy." *Colliers Lanard & Axilbund v. Lloyds of London*, 458 F.3d 231, 236 (3d Cir. 2006) (internal citations and quotations omitted). However, ambiguous exclusions are to be "strictly construed against the insurer." *Flomerfelt v. Cardiello*, 202 N.J. 432, 442 (2010).

Here, the policy provides two unambiguous exclusions for coverage. The first, as amended, excludes the "bodily injury" to an "employee"—defined to include "a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle[)]"—of the insured arising out of and in the course of employment. (D.E. 16-2, Ex. C, Part I, Ins. Policy at 73; *id.* at Ex. C, Part II, Ins. Policy at 34.) The second excludes "bodily injury" arising out of the use—including "loading or unloading"—of any "auto" owned or operated by any insured. (*Id.* at Ex. C, Part I, Ins. Policy at 26.) Aguirre's injury to his legs—plainly a "bodily injury"—falls squarely within either exclusion, as it occurred while he was operating a Fema commercial vehicle in his capacity as an independent contractor. Accordingly, Canal has stated a viable claim for declaratory judgment and has

---

intention of the parties gleaned from the words they have used in the document.'" (quoting *TravCo. Ins. v. Ward*, 284 Va. 547, 552 (2012))); *see also Seals v. Erie Ins. Exch.*, 277 Va. 558, 562 (2009) (policy exclusions must be "construed most strongly against the insurer" (internal citations omitted)); *accord St. Paul Fire & Marine Ins. Co. v. S.L. Nusbaum & Co.*, 227 Va. 407, 412 (1984) (adopting construction most favorable to insured where exclusionary language was ambiguous).

11

supplied a sufficient factual basis, taken as true in the context of this motion, to permit entry of judgment in its favor on the issue of coverage.

### c. *Emcasco* Factors

Having determined that the complaint asserts a viable claim for declaratory judgment, the Court must now make explicit findings as to: (i) the existence of a meritorious defense; (ii) the prejudice that Canal will suffer if default judgment is not entered; and (iii) Fema's culpability in the default. *See Emcasco*, 834 F.2d at 74.

First, the Court's analysis of the first factor is made difficult by Fema's failure to answer the complaint or otherwise respond in this action. *See Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Dubin Paper Co.*, 2012 WL 3018062, at *4 (D.N.J. July 24, 2012) (Simandle, J.) (court could not "determine whether [d]efendant had any meritorious defenses" where it failed to respond). However, after reviewing the record, including the relevant insurance policy and its exclusions, the Court sees no meritorious defense to the declaratory judgment claim.

Turning to the second factor, Fema's failure to answer has already prevented Canal from seeking relief "in the normal fashion," *Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (Simandle, J.), and the Court's entry of default judgment is the only means by which Canal can solidify its defense and indemnification obligations (or, more appropriately, the lack thereof) in the Underlying Action.

Finally, no evidence appears in the record that would militate against a finding of Fema's culpability in the default. *See 2109971 Ontario Inc. v. Matrix Hosp. Furniture Inc.*, 2022 WL 154411, at *4 (D.N.J. Jan. 14, 2022) (McNulty, J.) ("Absent any evidence to the contrary, the Defendant's failure to answer evinces [its] culpability in [the] default.") (internal citations and

quotations omitted).  Canal's affidavit of service (D.E. 5) demonstrates that Fema was personally served with process, and there is nothing before the Court "to suggest that anything other than [Fema's] willful negligence caused [its] failure to file an answer." *Prudential Ins. Co. of Am. v. Taylor*, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (Arleo, J.).  Accordingly, all three factors support the entry of default judgment.

### V.     Conclusion

For the foregoing reasons, the Court will grant Canal's motion (D.E. 16) for default judgment.  An appropriate order will issue.


Date: August 10, 2022

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J